# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARTWELL PRESTON MILL, LLC, | |
| **Plaintiff,** | |
| v. | 1:18-cv-1830-WSD |
| CHERYL DOUGHTY, SEAN BELL, SHAWN HAWKINS, *and All Other Occupants*, | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] ("Final R&R"), which recommends remanding this action to the Magistrate Court of Coweta County, Georgia.

## I. BACKGROUND

On December 4, 2017, Plaintiff Chartwell Preston Mill ("Plaintiffs") initiated a dispossessory proceeding against Defendants Cheryl Doughty, Sean Bell, and Shawn Hawkins ("Defendants") in the Magistrate Court of Coweta

County (the "Coweta County Action").[1] ([1.1] at 10). On April 27, 2018, Defendants, proceeding *pro se*, filed their Notice of Removal [1.1] seeking to remove the Coweta County Action to this Court. Defendant argues removal is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. §§ 1441(b)-(c), (e), 29 U.S.C. §§ 1443(1)-(2), and 28 U.S.C. § 1446(d). ([1.1] at 1). Defendant also alleges, without further explanation, that the Court has jurisdiction pursuant to the Bill of Rights, various Amendments of the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights. ([1.1] at 1-2).

On May 17, 2018, the Magistrate Judge issued her Final R&R, recommending that this action be remanded to the Magistrate Court of Coweta County for lack of jurisdiction. The parties did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1);

---

[1] The property at issue is located at 118 Jefferson Pkwy, #1007, Newnan, Georgia 30263. ([1.1] at 10). The Magistrate Court of Coweta County assigned the matter Case No. 2018CI01503. (Id.).

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not filed objections to the Final R&R, the Court reviews it for plain error.

    B.    Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity

jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge concluded that "it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit." ([2] at 2). The Magistrate Judge found that, "[i]n this case, Plaintiff's dispossessory claim arises solely under state law." (Id. at 4). The Magistrate Judge found further that, "[a]lthough Defendant argues the matter is removable on the grounds that the dispossessory action violated various federal laws, the Bill of Rights, and the United States Constitution, a federal question present in a counterclaim or defense is not a proper basis for removal of a complaint." (Id.). The Magistrate Judge found finally that Defendant's Notice of Removal fails to allege facts sufficient to show that the

4

parties are diverse or that the $75,000 jurisdictional threshold is met. (Id. at 5).

Defendant therefore has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to the Magistrate Court of Coweta County, Georgia. The Court finds no plain error in the Magistrate Judge's findings and recommendations.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Coweta County, Georgia.

**SO ORDERED** this 12th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE